**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

October 3, 2019

The Honorable Raymond J. Dearie
Senior U. S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

   Re: *Philson Andrews v. United States*
     16-CV-03333/ 11-CR 587 (RJD)

Your Honor:

  Mr. Andrews filed a *pro se* petition to vacate his conviction in count three of the above-captioned superseding criminal indictment: unlawful use of a firearm in furtherance of a crime of violence.  18 U.S.C. §924(c).  Mr. Andrews argued that his conviction could not stand, following the rule announced in *Johnson v. United States*, 135 S.Ct.2251 (2015).  *Johnson* announced that the residual force clause of §924(e)(2)(B)(ii) was void for vagueness under the due process clause of the Constitution. That ruling was made retroactive through *Welch v. United States*, 136 S.Ct. 1257 (2016).

  Mr. Andrews argued that his conviction was predicated on the offense of conspiracy to commit Hobbs Act robbery.  He further argued that conspiracy to commit Hobbs Act robbery only fit the residual clause definition of a predicate crime of violence, that definition found at §924(c)(3)(B).  This language is almost identical to the language found void for vagueness in *Johnson*, *supra*, and, as a result, Mr. Andrews' argued his §924(c) conviction in count three must be vacated.

  The Second Circuit disagreed with Mr. Andrews in its decision in *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018)(*Barrett 1*), holding conspiracy to commit Hobbs Act robbery was a predicate crime of violence that would support a conviction under 18 U.S.C. §924(c)(3)(B).  The Supreme Court, however, granted *certiorari* in *Barrett I.*

  In *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019), the Supreme Court found 18 U.S.C. §924(c)(3)(B), the residual force clause, void for vagueness.  As a result, *Barrett 1* was remanded to the Second Circuit for reconsideration pursuant to that holding.  The Second Circuit did reconsider its decision in *Barrett 1*, and found that pursuant to *Davis*, conspiracy to commit Hobbs Act robbery could not be considered a predicate crime of violence for a conviction under

1

18 U.S.C. §924(c). *United States v. Barrett*, 2019 WL 4121728 (2d. Cir 2019)(*Barrett II*)[1]. As a result, Mr. Andrews' conviction in count three must be vacated and he must be resentenced.

**1. Background.**

Mr. Andrews was arrested and arraigned on the complaint in this case on July 18, 2011. Dkt. entry 8. The case was indicted on August 17, 2011. Dkt. entry 12. Mr. Andrews was arraigned on the indictment on August 26, 2011, and he entered a plea of not guilty to all counts. Dkt. entry 18. A superseding indictment was filed on March 7, 2013. Dkt. entry 86. Mr. Andrews was arraigned on the superseding indictment on March 12, 2013, where he again pleaded not guilty to all counts. Dkt. entry 89. The case was re-assigned from Judge Matsumoto to your Honor on April 4, 2013, and a trial date of September 7, 2013 was set on May 30, 2013. Dkt. entry 113.

On September 4, 2013, Mr. Andrews entered pleas of guilty to all counts of the superseding indictment before Magistrate Judge Pollak. Dkt. entry 135. Count one of the superseding indictment charged conspiracy to commit [Hobbs Act] robbery; count two charged [Hobbs Act] robbery, and count three charged unlawful use of a firearm during and in relation to the crimes of violence charged in counts one and two. There was no plea agreement in the case.

On November 20, 2014, Mr. Andrews was sentenced on counts one and two of the superseding indictment to 24 months in custody to run concurrently to each other, and 120 months in custody on count three of the superseding indictment, that sentence to run consecutively to the sentences on counts one and two. Dkt. entry 153. Mr. Andrews did not directly appeal his conviction or sentence.

On June 20, 2016, Mr. Andrews filed his *pro se* petition to vacate his conviction on count three of the indictment. Dkt entry 169. On June 22, 2016, the Federal Defenders filed a notice of appearance on his behalf. Mr. Andrews' petition has been stayed since then, awaiting the decisions in *United States v. Hill*, 832 F.3d 135 (2d.Cir 2016), *Sessions v. Dimaya,* 138 S.Ct. 1204 (2018), *Davis* and *Barrett II*, *supra*.

**2 Argument.**

Because the residual clause at "§924(c)(3)(B) is unconstitutionally vague," (*Davis*, *supra*, at 2236), for an offense to qualify as a crime of violence, it must fit §924(c)'s force clause, meaning it must have as an element the use, attempted use, or threatened use of physical force against the person or property of another. 18 U.S.C. §924(c)(3)(A). A conspiracy to commit Hobbs Act robbery may not result in the commission of the planned robbery, and thus such a conspiracy does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another, and does not qualify as a crime of violence under 18 U.S.C. 924(c)(3)(A). *See Barrett II*, *supra*, at *1.

---

[1] The 2d Circuit has ordered in *Kingsley Bernard v. United States*, Case 16-1700, Dkt entry 43 (2d Cir. Sept 27, 2019) that the stay in a case awaiting decisions in *Hill* and *Barrett II*, *supra*, begins to run on the date the mandate in *Barrett II* issues, which was September 27, 2019. In light of this order, we respectfully request that Mr. Andrews' civil petition in docket 16 CV 03333, which was closed on September 30, 2019, be re-opened.

Count three of Mr. Andrews' indictment was duplicitous, however, and charged the unlawful use of a firearm in relation to *both* count one, conspiracy to commit Hobbs Act robbery, and count two, substantive Hobbs Act robbery. The policy consideration at the heart of a duplicitous charge is whether duplicity prejudices the defendant. "[A] single count of an indictment should not be found impermissibly duplicitous whenever it contains several allegations that could have been stated as separate offenses, but only when the failure to do so risks unfairness to the defendant." *United States v. Margiotta*, 646 F.2d 729, 733 (1981)(internal citations omitted). The decisions in *Johnson*, *Welch*, *Davis*, and *Barrett II*, *supra*, have exposed the prejudice to Mr. Andrews.

Although count two could serve as a predicate to the conviction in count three, *see Barrett II*, *supra*, at *2, when a count in the indictment alleges the alternative elements in the conjunctive (like count three, which alleges both Hobbs Act conspiracy *and* Hobbs Act robbery as § 924(c) predicates), it does not necessarily mean that the defendant pled guilty to both sets of elements. "Indictments often allege conjunctive elements that are disjunctive in the corresponding statute, and this does not require either that the government prove all of the statutorily disjunctive elements or that a defendant admit to all of them when pleading guilty." *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011)(quoting *Omari v. Gonzales,* 419 F.3d 303, 308 n.10 (5th Cir. 2005)).

When the offense in a count of the indictment is unconstitutionally inclusive, like the duplicitous count three in Mr. Andrews' case, the *government* must prove that the plea necessarily established the facts of the offense of conviction. *See United States v. Dantzler*, 771 F.3d 137, 149 (2d Cir. 2014)(the government has the burden of proving through *Taylor-Shepard* documents that an enhancement applies). To do this, only a limited class of documents is permissible to determine what crime a defendant was convicted of. *See Taylor v. United States*, 495 U.S. 575 (1990); *Shepard v. United States*, 544 U.S. 13 (2005); *Descamps v. United States*, 570 U.S. 254 (2013); and *Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016).

Without proof that Mr. Andrews admitted the elements of substantive Hobbs Act robbery in furtherance of count three of the indictment, the Court cannot assume that his plea established the elements of a predicate crime of violence that would support his conviction of 18 U.S.C.§924(c). As a result, Mr. Andrews' conviction on that count must be vacated and he must be resentenced.

                                      Respectfully submitted,

                                      Mildred Whalen
                                      Staff Attorney
                                      (718) 330-1290

cc:    ECF
       U.S. Attorney Matthew S. Amatruda, Esq.